**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH DANIEL TIEDEMANN, | No. 18-17112 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00597-CKJ-PSOT |
| v. | |
| MARY M. MITCHELL, Regional Director; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 18, 2019[**]

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Federal prisoner Kenneth Daniel Tiedemann appeals pro se from the district

court's judgment dismissing his action brought under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

equal protection and substantive due process claims.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm in part, vacate in part, and remand.

The district court properly dismissed Tiedemann's equal protection claim for injunctive relief because Tiedemann failed to allege facts sufficient to state a plausible claim that he was intentionally treated differently from others similarly situated, and that there was no rational basis for the different treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court erred by analyzing Tiedemann's due process claim for injunctive relief as a procedural due process claim under *Sandin v. Conner*, 515 U.S. 472 (1995). Tiedemann alleged a substantive due process claim predicated on his fundamental liberty interest in a relationship with his children. We vacate the judgment on this claim and remand for the district court to consider in the first instance whether the allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm*, 680 F.3d at 1116. On remand, the district court may

2

also wish to consider whether, liberally construing the operative complaint, Tiedemann alleged a First Amendment freedom of association claim. *See Overton v. Bazzetta*, 539 U.S. 126, 131-37 (2003) (applying factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987), to prisoners' claims challenging prison regulation affecting alleged right of association). In light of our disposition, we express no opinion on the dismissal of Tiedemann's claims for damages under *Bivens*, which Tiedemann may appeal upon the district court's entry of judgment on his claims for injunctive relief.

**AFFIRMED in part, VACATED in part, and REMANDED.**